# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| DENNIS AND MARTHA SINGLETON, ) | Case Number: 07-21527-drd-7 |
| ) | |
| Debtors. ) | |
| ) | |
| _____ ) | |
| ) | |
| Dennis Wayne Singleton and ) | |
| Martha Sue Singleton ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | Case No.:_____ |
| ) | |
| Citizens Automobile Finance, Inc. ) | |
| a Rhode Island Corporation ) | |
| Missouri Registered Agent: ) | |
| CSC-Layers Incorporating Service Co. ) | |
| 221 Bolivar St. ) | |
| Jefferson City, MO 65101 ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

**COMES NOW** Debtors/Plaintiffs, Dennis and Martha Singleton, by and through their undersigned attorney-of-record, and for their Complaint in multiple counts herein states and avers that:

Dennis Wayne Singleton and Martha Sue Singleton (hereinafter Plaintiffs, or Plaintiffs/Debtors, or Debtors) brings this action under 11 U.S.C. § 524(a) and 15 U.S.C. § 1692 *et seq.*, to obtain actual damages, statutory damages, injunctive relief, declaratory relief, punitive damages, and other relief as a result of the

1

Defendant's violations and contempt of Plaintiff's Discharge Order and other actions.

## Jurisdiction and Venue

1) Jurisdiction is conferred upon this court pursuant to the provisions of Section 105 and Section 524 of Title 11 of the United States Code in that this proceeding arises under the laws of the federal Bankruptcy Code.

2) This court has both personal and subject matter jurisdiction to hear this case pursuant to Section 105 of Title 11 of the United States Code in that this proceeding is related to, among other things, a previously filed bankruptcy petition under Title 11 of the United States Code.

3) Jurisdiction of this Court also arises under the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. § 1692 *et seq*.

4) This court also has jurisdiction pursuant to 28 U.S.C. § 1337, as the actions of the Defendant constitute a restraint on interstate commerce or trade.

5) Venue in this District is proper under 28 U.S.C. § 1391, and because the underlying bankruptcy took place in this Judicial District and Division and no creditor objected to the filing of the bankruptcy in the Western District of Missouri, even though Plaintiffs reside in the Eastern District of Missouri.

## Parties

6.) The allegations in paragraphs 1 through 5 of this Complaint are realleged and incorporated herein by this reference.

Defendant's violations and contempt of Plaintiff's Discharge Order and other actions.

## Jurisdiction and Venue

1) Jurisdiction is conferred upon this court pursuant to the provisions of Section 105 and Section 524 of Title 11 of the United States Code in that this proceeding arises under the laws of the federal Bankruptcy Code.

2) This court has both personal and subject matter jurisdiction to hear this case pursuant to Section 105 of Title 11 of the United States Code in that this proceeding is related to, among other things, a previously filed bankruptcy petition under Title 11 of the United States Code.

3) Jurisdiction of this Court also arises under the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. § 1692 *et seq*.

4) This court also has jurisdiction pursuant to 28 U.S.C. § 1337, as the actions of the Defendant constitute a restraint on interstate commerce or trade.

5) Venue in this District is proper under 28 U.S.C. § 1391, and because the underlying bankruptcy took place in this Judicial District and Division and no creditor objected to the filing of the bankruptcy in the Western District of Missouri, even though Plaintiffs reside in the Eastern District of Missouri.

## Parties

6.) The allegations in paragraphs 1 through 5 of this Complaint are realleged and incorporated herein by this reference.

7.) Plaintiffs, individuals, are currently residents of Linneus, Linn County, Missouri. Additionally, Plaintiff is a consumer defined by 15 U.S.C. § 1692a(2).

8.) Defendant, Citizens Automobile Finance, Inc., (hereinafter "Citizens") is a Rhode Island corporation believed to be in good standing, registered to do business in Missouri and who resides and regularly conducts business within the District.

## Factual Allegations

9.) The allegations in paragraphs 1 through 8 of this Complaint are realleged and incorporated herein by this reference.

10.) The Plaintiffs filed a voluntary Chapter 7 Petition on or about October 1, 2007; Case No.: 07-21527-drd in the United States Bankruptcy Court for the Western District of Missouri.

11.) Previously, on or about March 2, 2007, Plaintiffs entered into an automobile loan with Citizen's Automobile Finance, Inc. Plaintiffs began receiving and paying for the use of a 2005 Chrysler PT Cruiser.

12.) In their 2007 Chapter 7 Bankruptcy the Plaintiffs scheduled as a creditor holding right to a secured claim Citizens Bank, 480 Jefferson Blvd., Warwick, RI 02886 with the balance on the loan valued at $13,150.00 and in the Plaintiffs' Chapter 7 Individual Debtor's Statement of Intention listed that the 2005 Chrysler PT Cruiser secured by Citizens Auto Finance will be surrendered.

13.) On or about December 11, 2007, at around 9:30 p.m. representatives and/or agents of Citizens repossessed the 2005 Chrysler PT Cruiser from the residence of Plaintiffs.

3

14.) On or about January 15, 2008, an Order of Discharge of Debtors was entered by Judge Dennis R. Dow in Plaintiffs' Chapter 7 Bankruptcy. Plaintiffs' case was closed shortly thereafter.

15.) The Bankruptcy Court sent notice of the Plaintiffs' Bankruptcy, First Meeting of Creditors, Discharge, and Closing of case to the address for Citizens as shown hereinabove, thereby giving Citizens full and complete actual notice of Plaintiffs' Chapter 7 Bankruptcy and Discharge.

16.) On October 3, 2007, while the Plaintiffs were in an active bankruptcy and without a court order granting relief from the automatic stay, Defendant Citizens sent a letter to Plaintiffs stating that the Plaintiffs were in default and to send the total amount past due to Defendant. The letter from Defendant to Plaintiffs also stated that "if you do not cure your default by the date stated above, we may sue you to obtain a judgment for the amount of the debt or may take possession of the collateral." The letter also told Plaintiffs to call Defendant immediately even though Defendant was represented by an attorney of record regarding the above-mentioned property.

17.) On October 12, 2007, Defendant sent Plaintiffs an installment loan statement that included a "total amount due" and a "payment remittance address" while the Plaintiffs were in an active bankruptcy case.

18.) On November 11, 2007, Defendant sent Plaintiffs an installment loan statement that included a "total amount due" and a "payment remittance address" along with a late charge that was assessed on October 17, 2007, while the Plaintiffs were in an active bankruptcy case.

19.) On December 12, 2007, Defendant sent Plaintiffs an installment loan statement that included a "total amount due" and a "payment remittance address" along with a late charge that was assessed on November 17, 2007, while the Plaintiffs were in an active bankruptcy case.

4

20.) On December 17, 2007, Defendant sent a letter to Plaintiffs stating that "If you do not pay this amount when asked you may also be charged interest at the highest lawful rate…until you do pay all you owe to us." The letter also contained the phrase that "this letter is designed to collect a debt…". The last line in the letter included that "If you are currently protected by the filing of a petition in bankruptcy this notice is intended for information purposes only and is not an attempt to collect a debt."

21.) On February 15, 2008, Defendant mailed a letter to Plaintiffs stating that the 2005 Chrysler PT Cruiser was repossessed and sold at a private auction on February 6, 2008, and that a remaining deficiency due was $13,501.87. The last line in the letter included that "If you are currently protected by the filing of a petition in bankruptcy, this notice is for information purposes only and should not be considered as an attempt to collect the debt."

22.) On March 4, 2008, the below signed attorney sent a letter to Citizens Automobile Finance at the address listed in Citizens' February 15, 2008, statement. The letter from Plaintiffs' attorney informed Citizens that their letter dated February 15, 2008, violated the Order of Discharge and that the attorney would be forced to take further action if Citizens attempted to collect a pre-petition debt from Plaintiffs directly again.

23.) On March 4, 2008, Defendant mailed a letter to Plaintiffs stating that a remaining balance was due to Defendant in the amount of $13,501.87 and that the Plaintiff had two options to repay this obligation. The letter also stated that Plaintiffs account "may be referred to [Defendant's] attorney or a collection agency." This letter did not contain any disclaimer regarding the Debtors' rights under the laws of the Bankruptcy Code.

24.) Plaintiffs are also under the belief that they have been contacted by an employee or agent of Defendant via telephone at their residence

5

numerous times in an attempt to collect on the balance of the Citizens debt, which was duly discharged.

## First Cause of Action: Violations of 11 U.S.C. § 524(a)

25.) The allegations in paragraphs 1 through 24 of this Complaint are realleged and incorporated herein by this reference.

26.) During all times herein there was in effect, through this Court, a Discharge Injunction as set forth by operation under 11 U.S.C. §524(a).

27.) Plaintiffs' debts were discharged in case number 07-21527-drd, by an Order of the Bankruptcy Court on January 15, 2008, pursuant to 11 U.S.C. § 524.

28.) Section 524 of the Bankruptcy Code provides the Debtor with a permanent injunction against all acts of collection of debts discharged and thus embodies the "fresh start" concept of the Code.

29.) Defendant had, or should have had, actual knowledge of the Plaintiffs' underlying Chapter 7 Bankruptcy filed in this Honorable Court, and therefore, had actual knowledge of all statutory injunctions against any further creditor or collection agents against the Debtors or property of the Debtors.

30.) Defendant's repeated contacts with the Plaintiffs and collection attempts regarding the debt that was discharged in their bankruptcy proceeding constitute willful violations of the discharge injunction as provided by 11 U.S.C. § 524(a).

31.) Defendant's contacts and collection attempts also constitute willful violation and action in contempt of the discharge injunction provided to the Debtor under 11 U.S.C. § 524.

32.) Defendant has undertaken willful and volitional acts to collect on the discharged debt either by overt and direct attempts at collection or by

selling or otherwise conveying rights to the discharged debt, all with the clear notice of the Plaintiff's Order of Discharge and with unmistakable disregard thereof.

33.) The inherent power of the federal courts to punish for contemptuous behavior is well established and this power can reach both conduct before the Court and that beyond the confines of the Court. The Court's power to determine that a party is in contempt is based both in 11 U.S.C. § 105(a) and in the inherent power of the federal courts to sanction contemptuous conduct.

34.) Section 105 of the Bankruptcy Code grants statutory contempt power in the bankruptcy context, stating, "The court may issue an order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Thus bankruptcy courts have independent statutory powers to award monetary and other relief for violations of the discharge injunction to the extent such awards are necessary and appropriate to carry out the provisions of the Code. The purpose of a Section 105 contempt sanction is to compensate the complainant for losses and expenses it incurred because of the contemptuous act, and coerce the contemnor into complying with the Court's Order. Willful violations of the permanent injunction of Section 524(a) create liability for a range of damages and remedies under Section 105.

35.) By extension of this, federal district courts have this same power to enforce the Orders of a Bankruptcy Court. Case law tells us that, "There can be no question that courts have inherent power to enforce compliance with their lawful order through civil contempt." Shillitani v. U.S., 384 U.S. 364 (1996).

36.) The actions of the Defendant has caused the Debtors/Plaintiffs severe financial hardship and actual economic and non-economic damages including, but not limited to, loss of their good name, damage to their

7

current credit-worthiness, severe emotional and physical damages, for which she should be duly and fairly compensated by an amount to be determined by the trier-of-fact plus all costs and fees associated with Plaintiffs' actions in seeking to remedy and rectify the Defendant's improper, contemptuous, and willful post-discharge actions.

37.) The actions of the Defendant are so egregious that punitive damages of an amount to be determined by the trier-of-fact are warranted so as to dissuade the Defendant from future improper conduct of this nature and scope.

**WHEREFORE**, for good cause shown, Plaintiffs pray for the following relief:

   a.) Find that the Defendant is in contempt of Court for violations of 11 U.S.C. §§ 524 and 105;

   b.) An award of statutory and actual damages;

   c.) An award of punitive damages;

   d.) An award of costs and reasonable attorney's fees incurred;

   e.) Injunctive relief; and

   f.) Any and all other relief deemed just and proper by the Court.

## Second Cause of Action: Violations of 15 U.S.C. § 1692 *et seq.* (The Fair Debt Collection Practices Act)

38.) Plaintiffs restate and reallege all of the statements and allegations made in paragraphs 1 through 37, and they are hereby incorporated by reference.

39.) Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   a. The Defendant violated 15 U.S.C. § 1692e(2)(A), (5) and (10) by misrepresenting the imminence of legal action by Defendant. This

  misrepresentation came in the form of various phone and written communications and demands for payment accompanied by veiled and overt threats of imminent legal action to be taken to collect upon the discharged debt.

 b. The Defendant violated 15 U.S.C. § 1692c(c) by contacting the Plaintiffs after the Plaintiffs had requested the Defendant cease communication with the Plaintiffs.

 c. The Defendant violated 15 U.S.C. § 1692g by making a threat of suit during the debt validation request period in a manner that overshadowed the notice of validation rights and would create confusion for a least sophisticated consumer about their rights.

 d. The Defendant violated 15 U.S.C. § 1692g(b) by failing to provide verification of the debt and continuing its debt collection efforts after the Plaintiffs had disputed the debt in writing within thirty days of receiving notice of the 15 U.S.C. § 1692g debt validation rights.

40.) As a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiffs for declaratory judgment that Defendant's conduct violated the FDCPA, and Plaintiffs' actual damages, statutory damages, and costs and attorney's fees.

**WHEREFORE**, for good cause shown, Plaintiffs pray for the following relief:

 a.) Declaratory judgment that Defendant's conduct violated the FDCPA;

 b.) Actual damages;

 c.) Statutory damages pursuant to 15 U.S.C. § 1692k;

 d.) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and

 e.) Any and all other relief this Court deems just and proper in the instant.

**DEBT RELIEF LAW CENTER**

**OF MISSOURI**

Respectfully submitted,

The McCrary Law Office, L.L.C.

DATE: August 27, 2008          /s/ Michael W. McCrary
Michael W. McCrary #52878
1103 Walnut Street, Ste. 203
Columbia, MO 65201
Telephone:   (573) 443-2889
Facsimile:   (573) 443-3889
mccrarylawecf@yahoo.com
ATTORNEY FOR DEBTORS/PLAINTIFFS